# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ISSAC MOSES NEWMAN<br>LA. DOC #435439<br>VS. | CIVIL ACTION NO. 3:11-cv-0682<br>SECTION P<br>JUDGE ROBERT G. JAMES |
| ISAAC BROWN | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Issac Moses Brown, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 26, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana, and he complains that he has been denied access to the courts and a viable administrative remedies program. He sued MPDC's Warden, Isaac Brown, praying for money damages and for injunctive relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint, including plaintiff's requests for injunctive relief, be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

### *1. Original Complaint [Doc. 1]*

Plaintiff filed his original complaint in the United States District Court for the Eastern District of Louisiana. Since he complained of conditions and events at the MPDC, the complaint was transferred. Plaintiff's original complaint alleged only conclusive claims – "Warden Isaac Brown

has systematically denied me of my Constitutional right to access to the courts in the manner of not providing the level of legal knowledge which is required under bonds [sic], and impeding my ability to substantiate a claim through the good faith use of the Administrative Remedy Procedure." [Doc. 3, ¶IV] Plaintiff prayed for "an injunction to improve the court access system, and to prevent denial of my constitutional right." He also prayed for "compensation for any and all damages that have occurred due to the systematic denial and violation of my constitutional right." [Id., ¶V] He attached to his complaint a document purporting to be an Administrative Remedies Procedure Grievance which added the following claims, "... The law library here is inadequate. Because of this situation I will fail to meet the deadline to file for my post-conviction relief which will cause irreversible damage..." [Doc. 3, p. 4]

***2. Amend Order and Amended Complaint [Docs. 19 and 20]***

On August 25, 2011, plaintiff was ordered to amend his complaint. In the amend order it was noted that the original complaint provided only conclusory allegations unsupported by facts. Plaintiff was directed to "... amend his complaint to demonstrate that he was in fact denied his right of access to the courts and that this denial prejudiced him." [Doc. 19]

On September 28, 2011, plaintiff amended his complaint. He alleged that in December 2010 he "began pursuing the overturning of [his] conviction..." and advised the defendant that the "books and materials" he needed for that purpose were unavailable at the MPDC's law library. According to plaintiff, he desired a copy of Louisiana's Code of Criminal Procedure for the year of his conviction. However, he did not allege in his amended pleading the date of his conviction, nor the crime he was convicted of violating, nor the grounds he desired to raise in support of his collateral attack, nor the reason why he needed the book in order to mount his collateral attack.

Thereafter, plaintiff filed an Administrative Remedies Procedure Grievance complaining about the lack of assistance and books needed to attack his "illegal sentence." He did not however allege the length of the sentence, or the reasons that the sentence should be deemed illegal, or how the law library's inadequacies impaired his ability to attack the sentence. When he received no response, he submitted a Grievance to the Department of Corrections in January 2011. Thereafter, in February 2011, he complained to the American Civil Liberties Union or A.C.L.U. Neither the Department nor the A.C.L.U. responded, and this suit followed.

Plaintiff's amended complaint recited the same conclusory claims made in his original complaint; He claimed that his "... ability to prepare and transmit legal documents pertaining to attacking my sentence has been inhibited because the ... books that I need in order to do so were not provided upon request..." Plaintiff also alleged that the "tools" needed to attack his sentence and his current conditions of confinement included (1) "the files of cases between 1990 and 2011..."; (2) "criminal code and procedure books ... for the State of Louisiana, [2009, 2010, and 2011]..."; (3)"trained inmate counsel assistance;" (4)"carbon paper;" (5) "Defense of Narcotics Cases by David Bernheim"; (6) "West Law web site access"; (7) "Werners Manual for Prison Law Libraries"; (8) "The Guide to American Law – a Legal Encyclopedia"; and (9) "Prisoner's Self-Help Litigation Manual." According to plaintiff he requested all of these "tools" in January 2011 but the defendant ignored his request. He did not, however, allege why these books and items were crucial to his proposed post-conviction litigation.

Plaintiff, through the administrative remedies procedure, requested the Warden to provide these books, etc. at least two times per month for a period of 8 months to no avail. In January 2011 he advised the Warden of his need for legal materials and his desire "to file a habeas corpus,

3

certiorari, motion to correct illegal sentence, and a post-conviction relief." His request was ignored and his failure to obtain the requested items "... is all a direct result of Warden Isaac Brown knowingly and intentionally neglecting to provide me with the tools I need in order to attack and challenge my sentence." According to plaintiff, the failure to provides these materials will result in the permanent loss of the opportunity to obtain post-conviction relief.

Plaintiff also complained that either Warden Brown destroyed his ARP grievances to Sheriff Tubbs, or that Tubbs received them but refused to respond.

Plaintiff requested "... a preliminary injunction to prevent any further injury. By supplying me the forestated [sic] tools ... to properly prepare my motions for court in the Parish of my conviction." He also concluded by praying for compensatory damages for the denial of access to courts, "... including but not limited to mental anguish, emotional distress, psychological damage, injury to the quality of my life, litigation fees spent towards resolving of this matter and unreplaceable time lost because of [defendant's] failure to comply with reasonable and affordable requests for a law library upgrade."

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears

that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. . *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint alleged only conclusory allegations unsupported by any facts,

5

and therefore he was instructed in the law and directed to amend his complaint to cure those deficiencies. As noted above, he was specifically directed to "... amend his complaint to demonstrate that he was in fact denied his right of access to the courts and that this denial prejudiced him." [Doc. 19]

## 2. Access to Courts

Plaintiff's chief complaint is that due to various deficiencies in the MPDC Law Library, he is being denied his right of access to the courts. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited. Further, plaintiff was afforded the opportunity to amend his complaint to provide factual support for his conclusory claims, yet he submitted an amended complaint that failed to comply with the order. Plaintiff has not alleged how the failure of the defendant to supply various

6

books, carbon paper, or access to a computer inhibited his ability to collaterally attack his conviction and sentence.

Indeed, plaintiff clearly does not need a law library or the assistance of a law clerk to file an application for post-conviction relief attacking his Louisiana conviction. La. Code Crim.P. art. 926 provides that such an application need only allege, the name of the petitioner, the prison where he is incarcerated and the name of his custodian, along with a statement of the grounds upon which relief is sought, specifying with reasonable particularity <u>the factual basis for relief</u> and, a statement identifying all prior applications or writs filed by the applicant and all errors known or discoverable by the exercise of due diligence. In addition, the statute mandates the use of the uniform application for post conviction relief approved by Louisiana's Supreme Court. The form, which is made available to all Louisiana prisoners, is also set forth in Appendix A of the Supreme Court's Rules. The form specifically instructs the petitioner, <u>"No citation of authorities or legal arguments are necessary</u>." The form application then calls for <u>specific facts to be alleged</u> throughout concerning the history of the case, and, with regard to the Claims for Relief, the applicant is instructed, "State concisely <u>facts supporting your claim that you are being held unlawfully ... Do not argue points of law</u>." The form provides blanks to be filled in with respect to each claim for relief and calls upon the applicant to allege "<u>Supporting FACTS (tell your story briefly without citing cases or law)...</u>" See Louisiana Supreme Court Rules Appendix "A."

Further, to the extent that plaintiff seeks to contest his sentence, he may file a motion in the district court which imposed the sentence or, if his appeal rights have not lapsed, he may appeal the sentence to the appropriate court of appeals and obtain appointed counsel for that purpose. La. Code Crim. P. Art. 882.

Plaintiff simply has not shown that his ability to collaterally attack his conviction or sentence has been curtailed in any way. Under Louisiana law, he must allege only the FACTS supporting his claims and is not required to provide legal argument or citation.

Finally, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement held that: "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

Plaintiff maintains that he is unable to attack his conviction or sentence. However, he has not shown that he has even attempted to file a non-frivolous appeal, motion, or post-conviction application attacking his conviction or sentence. Nor has he shown that such pleading was rejected because of some failure attributable to the defendant. Plaintiff's access to court complaint fails to state a claim for which relief may be granted.

### 3. Grievances

Plaintiff also complained that his inmate grievances were not answered. In so doing, plaintiff raises another claim without a basis in law. The narrowing of prisoner due process protections announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), left

8

prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since plaintiff has no constitutionally protected right to a prison grievance procedure, his current claim does not allege a violation of the Constitution or laws of the United States and therefore fails to state a claim for which relief may be granted.

### *Order and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 11, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE